## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

STEPHANIE L. MARTIN,

       **Plaintiff,**

v.                                  **CASE NO.:**

ALLIED INTERSTATE, LLC,
a Minnesota limited liability company;
and IQOR HOLDINGS US, INC., a
Delaware corporation,

       **Defendants.**

_____

## COMPLAINT

Plaintiff, STEPHANIE MARTIN (hereinafter "**Plaintiff**"), by and through the undersigned law firm, hereby sues Defendants, ALLIED INTERSTATE, LLC, a Minnesota limited liability company ("**Allied**"), and IQOR HOLDINGS US, INC., a Delaware corporation ("**iQor**", collectively with Allied, the "**Defendants**"), and alleges the following:

### JURISDICTION AND VENUE

1.     Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "**FDCPA**"), and FLA. STAT. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act (the "**FCCPA**").

2.     This Court has jurisdiction over this matter, pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.     Venue is proper in this district because, among other things, the acts, transactions and occurrences giving rise to this cause of action occurred in this district, and Plaintiff resides in this district.

## PARTIES

4.     Plaintiff is a natural person who resides in Broward County, Florida, and is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3) and FLA. STAT. § 559.55(2).

5.     Allied is a Minnesota limited liability company and collection agency, and is a "debt collector," as that phrase is defined by 15 U.S.C § 1692a(6) and FLA. STAT. § 559.55(6), and is a "person" as that term is defined by FLA. STAT. § 559.72.  On information and belief, Allied is operating from New Albany, Ohio, Southgate, Michigan and Warrenton, Virginia.

6.     iQor is a Utah limited liability company who is a Delaware corporation, and is a "debt collector," as that phrase is defined by 15 U.S.C § 1692a(6) and FLA. STAT. § 559.55(6), and is a "person" as that term is defined by FLA. STAT. § 559.72.  iQor is not licensed to collect debts in Florida.

7.     On information and belief, the actions and omissions of Allied and its representatives or agents which are the subject of this Complaint were authorized, approved or ratified by one or more officers, directors, or managers of Allied, and Allied knew in advance that its agents or employees were likely to conduct themselves with conscious disregard of the rights and safety of others, and allowed its representatives and agents to so.

8.     On information and belief, the actions and omissions of iQor and its representatives or agents which are the subject of this Complaint were authorized, approved or ratified by one or more officers, directors, or managers iQor, and iQor knew in advance that its agents or employees were likely to conduct themselves with conscious disregard of the rights and safety of others, and allowed its representatives and agents to so.

9.     On information and belief, at all times mentioned herein, the Defendants' representatives, employees and agents were acting within the course and scope of such

2

employment or agency, and were acting at the direction of and with the consent, permission, and authorization of the Defendants.

## INTRODUCTION

10.     Plaintiff has never had an eBay account in her life, has never transacted any business on or with eBay, and has never been indebted to eBay. Regardless, the Defendants have sought to contact Plaintiff over a dozen times in furtherance of collecting this non-existent debt. The majority of these communications were after Plaintiff notified Defendants that Plaintiff is not legally responsible for the debt and to cease and desist from all attempts to communicate with her for the purpose of attempting to collect this alleged debt.

11.     Allied or its predecessor company has a history of attempting to collect debts from the wrong person, and paid the Fair Trade Commission $1.75 million to settle claims that, between at least 2006 and 2008, it continued collection efforts, even after consumers told the company they did not owe the debt, without verifying the accuracy of the disputed information.

12.     All conditions precedent to this action have been performed, have been waived, or have occurred.

13.     Plaintiff has retained the undersigned counsel to represent her interests in this matter, and is obligated to pay her attorneys a reasonable fee for services provided in connection with this matter.

## FACTUAL ALLEGATIONS

14.     According to Defendants, Plaintiff is indebted to eBay on an account number ending in 3129 (the "**Alleged Debt**"). The Alleged Debt was incurred and used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and FLA. STAT. § 559.55(1).

3

15.     Sometime thereafter, the Alleged Debt was consigned, placed or otherwise transferred by eBay to Defendants for collection from Plaintiff.

16.     Plaintiff has never had an account with eBay and is not actually indebted to eBay. Plaintiff does not owe the Alleged Debt.

17.     On December 23, 2014, two days before Christmas, Allied placed two auto-dial calls to Plaintiff's cell phone number in furtherance of collecting the Alleged Debt.  This was the Defendants' first attempt to collect the Alleged Debt from Plaintiff.  Plaintiff did not receive any written correspondence relating to the Alleged Debt before these phone calls.

18.     On December 24, 2014, Christmas Eve, Plaintiff faxed Allied a cease and desist letter demanding Defendants terminate their efforts to collect the Alleged Debt from Plaintiff (the "**December 24 Cease and Desist Letter**").  Attached hereto as **Exhibit "A"** is a copy of the letter and confirmation notice for Plaintiff's December 24, 2014, fax transmission of the December 24 Cease and Desist Letter.

19.     On December 26, 2014, the day after Christmas, Allied placed another auto-dial call to Plaintiff's cell phone number in furtherance of collecting the Alleged Debt.

20.     On December 29, 2014, Allied placed another auto-dial call to Plaintiff's cell phone number in furtherance of collecting the Alleged Debt.

21.     On December 30, 2014, the day before New Year's Eve, Allied placed another auto-dial call to Plaintiff's cell phone number in furtherance of collecting the Alleged Debt.

22.     On January 2, 2015, the day after New Year's Day, Allied placed two more auto-dial calls to Plaintiff's cell phone number in furtherance of collecting the Alleged Debt.

23.     On January 5, 2015, Allied placed another auto-dial call to Plaintiff's cell phone number in furtherance of collecting the Alleged Debt.

4

24.     On January 7, 2015, Allied placed another auto-dial call to Plaintiff's cell phone number in furtherance of collecting the Alleged Debt.

25.     On January 8, 2015, Allied placed two more auto-dial calls to Plaintiff's cell phone number in furtherance of collecting the Alleged Debt.

26.     On January 9, 2015, Allied placed two more auto-dial calls to Plaintiff's cell phone number in furtherance of collecting the Alleged Debt.

27.     On January 10, 2015, Allied placed another auto-dial call to Plaintiff's cell phone number in furtherance of collecting the Alleged Debt.

28.     On January 12, 2015, Allied placed another auto-dial call to Plaintiff's cell phone number in furtherance of collecting the Alleged Debt.

29.     Following the January 12, 2015, call by Allied, Plaintiff completed a form on Defendants' website notifying Defendants of the December 24 cease and desist letter. See **Exhibit "C."**

30.     Later on January 12, 2015, Plaintiff faxed Allied a cease and desist letter, demanding Defendants terminate their efforts to collect the Alleged Debt from Plaintiff. Attached hereto as **Exhibit "B"** is a copy of the confirmation notice for Plaintiff's January 12, 2015, fax transmission.

31.     Later on January 12, 2015, Defendants sent Plaintiff an e-mail, acknowledging receipt of the form Plaintiff completed on Defendants' website earlier that day, notifying Defendants of the December 24 Cease and Desist Letter.  Although this e-mail is sent from an Allied e-mail address, the signature block for the sender of the e-mail indicates this e-mail was sent by iQor.  Attached hereto as **Exhibit "C"** is a copy of the January 12 form Plaintiff completed on Defendants' website and the January 12 e-mail sent by Defendants.

5

32.     On January 13, 2015, Allied placed another auto-dial call to Plaintiff's cell phone number in furtherance of collecting the Alleged Debt.

33.     By e-mail dated January 15, 2015, iQor asserted it never received Plaintiff's December 24 Cease and Desist Letter, and that iQor had "now ceased collection efforts on [Plaintiff]'s account based on correspondence sent this week."  Attached hereto as **Exhibit "D"** is a copy of the January 15 e-mail sent by iQor.

## FREQUENT COMMUNICATION TO THE POINT OF HARASSMENT

34.     Allied made automated calls using an automatic telephone dialing system Plaintiff, on her cell phone, fifteen times over an approximately three-week period.

## AUTOMATED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE

35.     Defendants called Plaintiff, on her cell phone, fifteen times over an approximately three-week period in furtherance of their attempts to collect the Alleged Debt from Plaintiff, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1) (A)(iii).

36.     Plaintiff never expressly consented to Defendants' telephone calls to her cellular telephone by use of an automatic telephone dialing system.

37.     None of Defendants' calls to Plaintiff were for "emergency purposes" as specified in the TCPA.

## CONTINUED COLLECTION COMMUNICATION AFTER BEING ADVISED IN WRITING THAT PLAINTIFF DOES NOT WISH TO BE CONTACTED

38.     In violation of the FDCPA and the FCCPA, Defendants continued to call Plaintiff on her cell phone after receiving both the December 24 Cease and Desist Letter and the January 12 Cease and Desist Letter.

## ATTEMPT TO COLLECT DEBT THAT IS NOT VALID

39.      In violation of the FDCPA and/or the FCCPA, Defendants' representatives have sought to collect the Alleged Debt from Plaintiff, even though Plaintiff is not legally responsible for the Alleged Debt.

## FALSE AND MISLEADING REPRESENTATIONS

40.      The Defendants' representatives or agents have made numerous false or misleading representations to Plaintiff, in violation of the of the FDCPA and/or the FCCPA, including falsely representing that Plaintiff was responsible for the Alleged Debt, and falsely claiming Defendants delivered the Purported December 13 Collection Letter to Plaintiff before the first collection call directed by Defendants to Plaintiff.

## INTENTIONAL MISCONDUCT OR GROSS NEGLIGENCE

41.      On information and belief, when performing each of the above-referenced violations of the FDCPA and the FCCPA, the Defendants and their representatives or agents had actual knowledge of the wrongfulness of their conduct and the high probability that injury or damage to Plaintiff would result.    Despite that knowledge, the Defendants and their representatives or agents intentionally pursued the course of conduct described in this Complaint, resulting in injury or damage to Plaintiff.

42.      On information and belief, the Defendants' representatives or agents conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of Plaintiff.

43.      On information and belief, with respect to the above-referenced acts and omissions of the Defendants' representatives or agents: (1) the Defendants knowingly participated in the conduct of its representatives or agents; (2) one or more of the Defendants'

officers, directors, or managers, knowingly participated in, condoned, ratified, or consented to such conduct; or (3) the Defendants engaged in conduct that was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of Plaintiff, and that contributed to the loss, damages, or injury suffered by the Plaintiff.

44.     On information and belief, the Defendants' conduct in relation to Plaintiff was despicable, fraudulent, and oppressive, and was performed with malice.

## SUMMARY OF VIOLATIONS AND DAMAGES

45.     Each of the above-described correspondence and telephone calls from the Defendants to Plaintiff constitute a "communication" in an attempt to collect a debt, as that term is defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(5).

46.     These collection communications on these occasions were false, deceptive, harassing, oppressive, abusive and invasive, and all done in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(5), 1692f, 1692f(1), 1692g, and 1692g(a), in violation of numerous and multiple provisions of the FCCPA, including, but not limited to, Fla. Stat. §§ 559.72(7) and 559.72(9).

47.     The Defendants' illegal abusive collection communications, as more fully described above, were the direct and proximate cause of emotional distress on the part of Plaintiff and caused Plaintiff unnecessary personal strain in Plaintiff's relationship with other family members.

48.     As a direct and proximate result of the foregoing, Plaintiff has suffered actual damages in the form of aggravation and/or activation of a previously-existing condition, unjustified and abusive invasions of personal privacy, and emotional distress, resulting from the

anger, anxiety, fear, frustration, upset, humiliation, embarrassment, and other negative emotions caused by the Defendants' actions, which have resulted in physical manifestations requiring medical testing and treatment, and loss of wages and business opportunities.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

49.     This is an action for violation of the FDCPA by Plaintiff against Allied.

50.     Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint, as though fully stated herein.

51.     Allied's actions and omissions constitute numerous and multiple violations of the FDCPA with respect to Plaintiff, including, but not limited to, each and every one of the above-cited provisions of the FDCPA.

52.     As a direct and proximate result of Allied's numerous FDCPA violations relating to Plaintiff, Plaintiff is entitled to recover from Allied her actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE,** Plaintiff prays that judgment be entered in favor of Plaintiff and against Allied, awarding Plaintiff: (1) actual damages, (2) statutory damages of $1,000.00, (3) costs of litigation and reasonable attorneys' fees, and (4) such additional and further relief as the Court deems just and proper.

### COUNT II
### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### FLA. STAT. § 559.55 *et seq.*

53.     This is an action for violation of the FCCPA by Plaintiff against Allied.

9

54.     Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint, as though fully stated herein.

55.     Allied's actions and omissions constitute numerous and multiple violations of the FCCPA with respect to Plaintiff, including, but not limited to, each and every one of the above-cited provisions of the FCCPA.

56.     As a direct and proximate result of Allied's violations of the FCCPA, Plaintiff is entitled to recover from Allied her actual damages pursuant to Fla. Stat. § 559.77(2), statutory damages in an amount up to $1,000.00 pursuant to Fla. Stat. § 559.77(2), punitive damages to the extent available under law, and reasonable attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2).

**WHEREFORE,** Plaintiff prays that judgment be entered in favor of Plaintiff and against Allied, awarding Plaintiff: (1) actual damages, (2) statutory damages of $1,000.00, (3) costs of litigation and reasonable attorneys' fees, (4) punitive damages, and (5) such additional further relief as the Court deems just and proper.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

57.     This is an action for violation of the FDCPA by Plaintiff against iQor.

58.     Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint, as though fully stated herein.

59.     iQor's actions and omissions constitute numerous and multiple violations of the FDCPA with respect to Plaintiff, including, but not limited to, each and every one of the above-cited provisions of the FDCPA.

60.     As a direct and proximate result of iQor's numerous FDCPA violations relating to Plaintiff, Plaintiff is entitled to recover from iQor her actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE,** Plaintiff prays that judgment be entered in favor of Plaintiff and against iQor, awarding Plaintiff: (1) actual damages, (2) statutory damages of $1,000.00, (3) costs of litigation and reasonable attorneys' fees, and (4) such additional and further relief as the Court deems just and proper.

## COUNT IV
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT FLA. STAT. § 559.55 *et seq.*

61.     This is an action for violation of the FCCPA by Plaintiff against iQor.

62.     Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint, as though fully stated herein.

63.     iQor's actions and omissions constitute numerous and multiple violations of the FCCPA with respect to Plaintiff, including, but not limited to, each and every one of the above-cited provisions of the FCCPA.

64.     As a direct and proximate result of iQor's violations of the FCCPA, Plaintiff is entitled to recover from iQor her actual damages pursuant to Fla. Stat. § 559.77(2), statutory damages in an amount up to $1,000.00 pursuant to Fla. Stat. § 559.77(2), punitive damages to the extent available under law, and reasonable attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2).

**WHEREFORE,** Plaintiff prays that judgment be entered in favor of Plaintiff and against iQor, awarding Plaintiff: (1) actual damages, (2) statutory damages of $1,000.00, (3) costs of

litigation and reasonable attorneys' fees, (4) punitive damages, and (5) such additional further relief as the Court deems just and proper.

## <u>COUNT V</u>
## AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 (b)(1)(A)(iii)

65.     This is an action for violation of the TCPA by Plaintiff against Allied.

66.     Plaintiff incorporates Paragraphs 1 through 48 of this Complaint, as though fully stated herein.

67.     Allied placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's express prior consent, in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

68.     WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Allied, awarding Plaintiff (1) actual damages, (2) statutory damages of $500.00 for each violation of the TCPA, (3) costs of litigation and reasonable attorneys' fees, (4) punitive damages,  (5) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system, (6) a permanent injunction prohibiting Allied from engaging in the complained of practices and (7) such additional further relief as the Court deems just and proper.

*[This space left blank intentionally]*

12

## **TRIAL BY JURY**

69.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues

so triable.

J. FRAZIER CARRAWAY, ESQ.
Florida Bar No. 0764541
fcarraway@saxongilmore.com
CLAIRE M. BRUECK, ESQ.
Florida Bar No. 0085754
cbrueck@saxongilmore.com
**SAXON GILMORE & CARRAWAY, P.A.**
201 E. Kennedy Blvd., Suite 600
Tampa, Florida 33602
Phone: (813) 314-4500
Facsimile: (813) 314-4555
Counsel for Plaintiff

# Exhibit A

1650 N. Riverside Drive Apt. 12
Pompano Beach, Florida 33062
12/24/2014

Allied Interstate
3000 Corporate Exchange Drive
Columbus, Ohio 43231

RE: Cease and Desist

To Whom It May Concern:

This letter serves as my formal notice for you to cease and desist your phone calls to 513-869-1247 and/or 561-703-4437. You have not sent me a letter stating why you are calling. This is harassment. I can assure you that I owe no debt. You have bound my hands because not sending me a letter means there's no way for me to dispute this debt.

I respectfully request that you cease all calls to my cell phone (s). I have not given your company or any company you represent (to my knowledge) permission to call me on these numbers. If you do not cease this illegal collection activity, I will initiate a lawsuit.

Your prompt attention is appreciated ,

*Stephanie Martin*

Stephanie Martin

Corporation [US] https://snt153.mail.live.com/?tid=cvvh43E5Y5JuhVIBcy5qybxw2&fid=flinbox

Amazon Mechanical... Wells Fargo - Person... Yellow Cab Broward... Word Counter Google Docs L'Oreal Consumer T... IRAZOO Search The O'Reilly

New Reply | Delete Archive Junk | Sweep Move to Categories •••

# Your fax to Allied Interstate has succeeded

**Sent:** Monday, December 24, 2014 at 2:13 PM
**From:** "FaxZero.com" <support@faxzero.com>
**To:** "Stephanie Martin" <missystephy@outlook.com>
**Subject:** Your fax to Allied Interstate has succeeded

Dear Stephanie Martin,

Your fax to Allied Interstate at 9736307015 has been sent successfully!

Successful delivery of your fax was confirmed at 2:13 PM Eastern Standard Time on December 24th, 2014.

Your fax included 1 page of coversheet with your text and 2 pages of attached documents.

Thank you,
FaxZero.com

P.S. Check out http://www.FreePrintable.net: printable business cards, certificates, timesheets, calendars, coloring pages, and more.

---

If you want to RECEIVE faxes or send lots of pages each month, try our friends at Foiply. Just $9 a month.
http://faxzero.com/go/foiply

---

(id#13462134)

© 2015 Microsoft Terms Privacy & cookies Developers English (United States)

# Exhibit B

Page:   1 of 3   01/12/2015   13:59 PM   TO:19736307015   FROM: Stephanie Martin
PHONE #5138691247

**Recipient Information**

**To:  Allied Interstate**
Company: Legal Department
Fax #: 9736307015

faxZERO.com
*send a fax for free*

**Sender Information**

**From: Stephanie Martin**
Email address: stephanie.martin@consultant.com (from 108.86.173.68)
Phone #: 5138691247
Sent on: Monday, January 12 2015 at 4:58 PM EST

JAN 1 3 2015

TO WHOM IT MAY CONCERN,

Please find my retainer agreement that goes into affect in 72 hours. I have an appointment at 2pm to turn over all documents to my attorney tomorrow. I faxed you a cease and desist 3 weeks ago and I have the delivery confirmation. You have repeatedly violated the TCPA and the FDCPA by repeatedly calling. Please contact me at 561-703-4437 to settle this matter within 72 hours, or I will instruct my attorneys not to accept a settlement and to sue for $1,000 per incident. We will be suing your company and your collector for each violation if a settlement is not reached.

Stephanie Martin

This fax was sent using the FaxZero.com free fax service. FaxZero.com has a zero tolerance policy for abuse and junk faxes. If this fax is spam or abusive, please e-mail support@faxzero.com or send a fax to 855-330-1238, or phone 707-400-6360. Specify fax #13768593. We will add your fax number to the block list.

# FREDRICK SCHULMAN & ASSOCIATES
## ATTORNEYS AT LAW

OFFICE: 212 796 6053    FAX: 212 951 7379    30 EAST 29TH ST. NEW YORK NY 10016    INFO@FSCHULMANLAW.COM

Name:            Stephanie Martin

Address:         1650 North Riverside Drive Apt. 12

City:            Pompano Beach

State:           FL

Zipcode:         33062

Birth date:

SSN:             ***.**.

Telephone Number:  (561) 703-4437

## Retainer Documentation/Agreement

This will confirm that you ("Client", "you", or "your") have retained the law offices of Fredrick Schulman & Associates, having an address at 30 East 29th Street, NY, NY 10016 ("we", "our" and "us") to represent you to deal with collection claims and procedures against you by one or more agents of certain of your creditors, including, without limitation, consumer law matters and related claims. You have asked us to consider issues of debt collector abuse, with potential actions to be brought in Federal Court under the Federal Fair Debt Collection Practices Act (the "FDCPA") and/or related statutes, including, without limitation, the Telephone Consumers Protection Act (the "TCPA").

In connection with our representation of your interests, you hereby authorize us to investigate your claims, and to make demand for cessation of certain collection activities and for damages under certain consumer laws. Thereafter, we may recommend the commencement and prosecution of legal proceedings on your behalf, and to take all other actions which we deem advisable. You agree to cooperate with us and to provide any and all information known or available to you which may aid me in this matter. In this regard, you agree to save all physical evidence (including, without limitation, letters, recorded messages, recorded telephone conversations, and emails) related to your matter. If, however, after reasonable investigation of the claim, we determine that it is not legally or economically advisable to pursue the matter further, we may withdraw as your attorney upon written notice to you, at which time this agreement will be terminated.

We will handle your matter and advise you of your legal options. We cannot and do not guarantee particular results, and you understand and agree that we have made no guarantees, promises, predictions, assurances, or other representations whatsoever with respect to the possible outcome of your matter or any legal proceedings relating thereto.

In the event your matter is pursued under the FDCPA, the maximum statutory damages you may recover is $1000. (You may also be entitled to actual damages (such as loss of work, medical expenses, and other out-of-pocket costs) in the event your facts and circumstances support same.) Your attorney's fees may also be awarded by the court or be otherwise recoverable.

You understand that defense of debt collection efforts and lawsuits is not part of this agreement.

We will represent you on a cost-free basis. Any money we make will come from the defendant; we will only be compensated by funds from the debt collector if we are successful. If nothing is recovered, you will not be charged for fees, costs, or expense. Fees for our legal services, on a contingency basis, shall be as follows:

Based upon the foregoing, it is possible that even a meritorious claim under the FDCPA may only result in a recovery of $1000. Accordingly, in the event that your matter concludes with a recovery of $1000 or less, we will receive as our total compensation a sum equal to one half (50%) of any such recovery.

If the matter is settled or an award is received for over $1000, you will receive the statutory recovery (as well as any actual damages) negotiated or awarded on your behalf, and we will be entitled to reasonable attorney's fees and costs as provided under the FDCPA and similar statutes.

Since we have agreed to represent you on a contingency basis, you have authorized us to collect and deposit any settlement or award in our account, to deduct there from the sums to which we are entitled, and to remit any balance (with a minimum of $500.00) to you.

# FREDRICK SCHULMAN & ASSOCIATES
## ATTORNEYS AT LAW

OFFICE: 212 796 8053    FAX: 212 951 7379    30 EAST 29TH ST. NEW YORK NY 10016    INFO@FSCHULMANLAW.COM

You understand that some FDCPA settlements may involve the cancellation or compromise of indebtedness sought to be collected by the debt collector. You understand that we may ask you to pay for our services related to the cancellation or compromise of such debts which are not otherwise part of our representation of you.

In the event of a recovery under the TCPA, we will be entitled to legal fees of forty per cent (40%) of the gross amount recovered on your behalf from any settlement related to TCPA violations, plus any legal fees and costs allowable by law.

You hereby authorize us to negotiate, settle, and, if advised by us, to litigate causes of action under applicable consumer laws and regulations. We are authorized to accept any reasonable settlement and reject any unreasonable settlement, including, without limitation, the estimated value of our legal fees and expenses.

You understand and agree that this legal representation agreement shall not include any work or services in connection with any motions or appeals to or from any appellate court or tribunal, whether from a trial court, arbitration panel or other forum for dispute resolution. This legal representation agreement shall also not cover any defense of claims or suits against Client, including counterclaims, for which a separate agreement and retainer will have to be negotiated.

You understand and agree that we reserve the right to withdraw from this matter if you fail to honor this agreement or for any other just reason as permitted or required under this agreement, or under the Code of Professional Responsibility or the Rules of the Courts of the State of New York.

By signing below, you, the Client, acknowledge you have read and agreed to the terms and conditions contained in this Retainer and Legal Representation Agreement, and have received a copy of it.

E-Signature:   Stephanie Martin
IP Address:    108.86.173.68                                                    Date:  01/12/2015

Corporation [US] | https://snt153.mail.live.com/?tid=cwh43E5Y5JuhVlBcy5qybxw2&fid=fltrash

📄 Amazon Mechanical...   ✉ Wells Fargo - Person...   📄 Yellow Cab Broward...   🔲 Word Counter   🔲 Google Docs   L'Oreal Consumer T...   IRAZOO Search   The O'Reilly

⊕ New    Reply | ∨    Delete    Archive    Junk | ∨    Move to ∨    Categories ∨    Empty    •••

# Your fax to Allied Interstate has succeeded

Sent: Monday, January 12, 2014 at 5:06 PM
From: "FaxZero.com" <support@faxzero.com>
To: "Stephanie Martin" <missystephy@outlook.com>
Subject: Your fax to Allied Interstate has succeeded

Dear Stephanie Martin,

Your fax to Allied Interstate at 9736307015 has been sent successfully!

Successful delivery of your fax was confirmed at 5:06 PM Eastern Standard Time on January 12th, 2014.

Your fax included 1 page of coversheet with your text and 2 pages of attached documents.

Thank you,
FaxZero.com

P.S. Check out http://www.FreePrintable.net: printable business cards,
certificates, timesheets, calendars, coloring pages, and more.

If you want to RECEIVE faxes or send lots of pages
each month, try our friends at FoJply. Just $9 a month.
http://faxzero.com/go/fojply

(Id#137685931)

© 2015 Microsoft    Terms    Privacy & cookies    Developers    English (United States)



# Exhibit C

From: advocacy.group@allied-interstate.com
To: missystephy@outlook.com
Subject: RE: Stephanie Martin
Date: Mon, 12 Jan 2015 20:49:57 +0000

Hi,

This is to acknowledge the receipt of your email. I have forwarded your request to the department that handles the account. I will let you know once I receive a response from them. Please allow 24-48hrs for our response.


Regards,

Bolo Emilio Lucas Ong
Consumer Advocacy Group
1-800-811-4214
Advocacy.Group@iQor.com
*iqor*

*We are Allied Interstate LLC, a collection agency that is attempting to collect a debt and any information we obtain will be used for that purpose.*

*Confidentiality Notice: This electronic message transmission contains information that may be confidential or protected by law. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.*

From: Advocacy Group
Sent: Monday, January 12, 2015 3:02 PM
To: Advocacy Group
Subject: Stephanie Martin

First Name: Stephanie
Middle Name: L
Last Name: Martin

1

Street Address: 1650 North Riverside Drive Apt. 12

City: Pompano Beach

State/Province: FL

Country: USA

Zip/Postal Code: 33062

Email: missystephy@outlook.com

Yes, you may email me in response to the information provided here: Yes

Telephone we called to contact you: 5138691247

Is this a cell phone?: Yes

Is this your primary telephone number: No

Do you have an alternate telephone number?: 5617034437

Is this a cell Phone?: Yes

Telephone number which called you: 5138691247

Allied Account or Reference Number:

How may we help you today?: Other

Other - please explain: I faxed you a cease and desist letter 3 weeks ago. I retained the delivery confirmation. You have repeatedly violated the TCPA and the FDCPA. I have faxed you proof that I will have an attorney in 72 hours (retainer agreement.) You have 72 hours to contact me and settle this without going to court.

By submitting I consent: I Agree

2

# Exhibit D

From: Brendan.Lee@Iqor.com
To: missystephy@outlook.com
Subject: 1/12/15 & 1/13/15 correspondence to Consumer Advocacy Group at IQor
Date: Thu, 15 Jan 2015 21:51:30 +0000

Good afternoon Ms. Martin-

I am in receipt of your January 12, 2015 and January 13, 2015 email correspondence directed to the Consumer Advocacy Group at IQor. Your correspondence indicates that you faxed you a cease and desist letter 3 weeks ago regarding collection efforts undertaken by Allied Interstate. However, we have no record of this fax.

Upon review of your account it appears that we never spoke with you regarding the account and were never instructed to cease calls. We have now ceased collection efforts on your account based on the correspondence sent this week.


Brendan Lee
Vice President - Legal
200 Central Avenue, 7th Floor
St. Petersburg, FL 33701 USA
Office: +1 (727) 369-0876
Mobile: +1 (727) 642-9951
Brendan.Lee@Iqor.com



1