UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEPHANIE L. MARTIN,

    Plaintiff,

v.                                        Case No. 0:15-cv-61140-RNS

ALLIED INTERSTATE, LLC,
a Minnesota limited liability company;
and IQOR HOLDINGS US, INC., a
Delaware corporation,

    Defendants.
_____/

**DEFENDANTS ALLIED INTERSTATE LLC AND IQOR HOLDINGS US, INC.'S MOTION FOR RULE 11 SANCTIONS FOR PURSUIT OF A FRIVOLOUS CLAIM**

Defendants, Allied Interstate LLC ("Allied") and iQor Holdings US, Inc. ("iQor") (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Rules 11(b)(3) and 11(c) of the Federal Rules of Civil Procedure, hereby move for an order of sanctions against Plaintiff Stephanie Martin and her counsel for pursuing a case now known by all to be a sham. Defendants ask the Court to strike the complaint, and award attorney fees and costs incurred by Defendants in litigating this case.

**PRELIMINARY STATEMENT**

This case has been proven to be a sham, yet Plaintiff refuses to dismiss it. Plaintiff Stephanie Martin brought this lawsuit alleging that defendant Allied wrongly attempted to collect on a debt sent to it from eBay. Plaintiff's entire case rests on the contention that some unidentified person transacted business on eBay, failed to pay a balance owed to eBay, the account was sent to Allied, and that Allied wrongly made collection phone calls to Plaintiff. However, it now has come to the attention of Defendants – and brought to the attention of

counsel for Plaintiff – that there is undeniable proof that Plaintiff herself transacted business with eBay, and that Plaintiff herself is responsible for the underlying debt herein. In sum, the entire case is a sham. This has been brought to the attention of counsel for Plaintiff both over the telephone and via written correspondence, but Plaintiff has refused to dismiss the action. Accordingly, Defendants now move the Court for an order sanctioning both Plaintiff and her lawyers for pursuing a claim now known not to have any evidentiary support.

## FACTS

Plaintiff Stephanie Martin alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA") for calling on the telephone in order to collect on a debt. (DE 1.) The debt relates to an eBay account, and Plaintiff in her Complaint insisted that she "has never had an eBay account in her life, has never transacted any business with or on eBay, and has never been indebted to eBay." Complaint ¶ 10, DE 1. Indeed, Plaintiff testified under oath that she never had any dealings with eBay whatsoever:

> Q. Do you have an eBay account?
> A. I don't.
> Q. Have you ever had an eBay account?
> A. I have not.
> Q. Have you ever shopped on the eBay website?
> A. No.
> Q. Have you ever provided eBay your personal information?
> A. No.
> Q. Have you ever provided eBay your address?
> A. No.
> Q. How about your phone number?
> A. No.
> Q. How about your e-mail address?
> A. No.
> Q. You ever provide any information at all to eBay?
> A. No.[1]

---

[1] Plaintiff shifted her testimony in her errata sheet on many material points but left undisturbed her testimony with respect to eBay.

October 19, 2015 Deposition of Stephanie Martin (hereinafter "Martin Dep."), excerpts attached hereto as Exhibit 1.

**The eBay Records**

Defendants issued a subpoena to eBay, and eBay provided documents reflecting the following:

- The account was opened under the name Stephanie Martin.
- The address on the account matched Stephanie Martin's address.
- The account was linked to a PayPal account
- The account was linked to two other account lines, one ending in 2030 and another ending in 9839.
- The account reflects numerous transactions between May 2014 and June 2014, including for the purchase and sale of items such an Apple iPhone 5, and a Nintendo Wii.

eBay Records (excerpts) attached hereto as Exhibit 2.

For one of the eBay transactions (and only one), the seller engaged in a dispute with the purchaser. The issue arose when the seller of an Apple iPad mini, item number 301219317777 (Exhibit 2, eBay 000008) posted the iPad on eBay for sale on June 18, 2014. The seller stated, "I have to get rid of it to help with moving costs."[2]

However, on June 25, a dispute broke out over the sale of the iPad. The seller (referred to by eBay as "Stephanie") engaged in a heated exchange with eBay:

> Are you kidding me? This woman has harassed me and left me negative feedback. I contacted her as soon as I found out a hold was placed on the funds. That's not trying to scam someone. I won't be shipping anything. You can cancel everything out. I'm done with this. I have no money to refund. I never received it. You know that. Thanks.

Exhibit 2, eBay 000011-12, 000015. The dispute was never resolved, and the seller never did business with eBay again.

However, a balance of $58.87 was outstanding, based on prior transaction as well as fees charged by eBay. Exhibit 2, eBay 000027. This consisted of $43.22 for "Direct pay returned

---

[2] Plaintiff Stephanie Martin moved out of her apartment "the last day of June" 2014. (Exhibit 1, Martin Dep. at 48-49.)

item" charge. *Id.* As the seller never paid this amount, it later was sent out to Defendant Allied for collections. This lawsuit ensued after Allied telephoned Plaintiff Stephanie Martin.

### Plaintiff Swore That She Was Unaware Of The eBay Charges Prior To Allied's Calls

Plaintiff testified that, prior to getting the collection calls from Allied in December 2014, she never suspected that anyone had stolen her identity:

> Q. Were you ever concerned after moving out of 3225 Northeast 6th Street that someone had gotten ahold of your identity?
> A. No.
> Q. Did you have any reason to believe someone may have been using your identifying information?
> THE WITNESS: I don't know how to answer that.
> BY MR. BRODERICK:
> Q. The time period is from when you moved –
> A. Oh.
> Q. – from 3225 up until December 2014.
> A. No.

Exhibit 1, Martin Dep. at 78-79. Indeed, Plaintiff at her deposition claimed that she was not the victim of identity theft. (Martin Dep. at 129) ("Q. Are you a victim of identity theft? A. I don't know. I don't believe so").

### The Green Dot Prepay Card Records

After the deposition, and based upon the account information from eBay, Defendants served a subpoena on Green Dot Bank for information relating to a card ending in 9839 – one of the account numbers appearing in the eBay records. Green Dot responded with records indicating that it had an account for Stephanie Martin. Green Dot Records, attached as Exhibit 3.

The Green Dot records also show certain transactions with eBay that correspond to the eBay records – including the $43.22 reflected in the eBay records. *Compare* Exhibit 3, Green Dot 000010 *with* Exhibit 2, eBay 000027.

Plaintiff now has admitted that this Green Dot account is her account. However, based on statements from counsel, Plaintiff now is claiming that, in July 2014, she disputed with Green Dot the eBay charges appearing on her account. This contradicts her sworn testimony that she was unaware of anyone using her information at this time. More importantly, it does not explain the *previous* eBay entry appearing on her Green Dot account (*e.g.* Exhibit 3, Green Dot 000010 on June 6) – which was not disputed by her. Nor does it explain why the alleged identity thief – the seller of the iPad – would link the financial information on eBay to Plaintiff Stephanie Martin's Green Dot account. As Plaintiff would have it, the identity thief set it up so that the "victim" would *receive* money from the sale of the iPad.[3]

**The PayPal Account**

The eBay invoices also reflect that certain transactions involved PayPal, and Plaintiff in her deposition admitted that she had a PayPal account. Plaintiff at first resisted producing any PayPal records, and Defendants were forced to move to compel. (DE 30.) The Court ordered Plaintiff to produce certain PayPal records. (DE 37.) Plaintiff, however, did not comply.[4] Attached hereto is an example of a PayPal account statement easily retrieved from a unrelated customer's internet page. Exhibit 4 attached hereto. Plaintiff, however, produced other documents that look nothing like PayPal records. *Compare* Exhibit 4 *with* Exhibit 5 (alleged PayPal Records from Plaintiff).

---

[3] Plaintiff's new argument that an identity thief is responsible would make more sense if the eBay transactions involved a purchase. Under those circumstances, Plaintiff could claim that the thief took possession of eBay goods and engineered it so that the charges would appear on Plaintiff's account. This still would not explain why the eBay address information is Plaintiff's, though conceivably the identity thief could have stolen the goods after delivery to Plaintiff's residence. As it stands, however, it makes no sense that the identity thief would be *selling* goods over eBay and allowing the proceeds to be sent to Plaintiff's Green Dot account.

[4] Defendants intend to move the Court to compel Plaintiff to comply with the previous Order.

More tellingly, Plaintiff apparently exported certain PayPal data into an Excel Spreadsheet (hereinafter "PayPal Spreadsheet"), attached as Exhibit 6. The PayPal spreadsheet contains more than 60 columns, with information on hundreds of transactions.

The PayPal spreadsheet is interesting for two reasons. First, it contains reference to a VISA card ending in 2030, which is another card referred to in the eBay records – yet another link between Plaintiff and an eBay account she swore she never opened. PayPal Record, attached hereto as Exhibit 6A. Second, and most troubling, the PayPal Spreadsheet contains a Column Y buried in the center of the spreadsheet. All of the data has been removed from under Column Y, but the heading has not. Column Y's heading is "Seller eBay Id." (Exhibit 6) (yellow background added.) Obviously, Plaintiff's PayPal account information should have no reference to eBay at all if Plaintiff were telling the truth that she never had any dealings with eBay.

### The December 24 Letter Plaintiff Claims She Sent To Allied

Even if Plaintiff had nothing to do with the eBay account at issue, her case hinges on a letter she claims to have faxed to Defendant Allied on December 24, 2014. Plaintiff swore she sent the fax shortly after receiving her first telephone call from Allied, but that Allied continued to call her even after receiving the fax. Plaintiff claims she used a service called "FaxZero" to send the fax.

Allied never received the fax. Also, in response to a subpoena, FaxZero has sworn that its records do not reflect any fax sent on December 24 to Allied. (FaxZero Declaration attached as Ex. 7.) Tellingly, FaxZero does have a record of a subsequent fax from Plaintiff to Allied. Again, Plaintiff's testimony has been contradicted by incontrovertible third party evidence.

### Counsel For Plaintiff Now Knows The Case To Be Without Evidentiary Support

Counsel for the parties have been in communication regarding these recent developments in the case. Once it was clear that, according to neutral nonparty FaxZero, Plaintiff never sent

the December 24 fax, Defendants informed Plaintiff and provided a declaration from FaxZero. Once the discrepancies in the PayPal Spreadsheet were identified, counsel telephoned counsel on December 14, asking that the case be dismissed. This telephone conversation was followed by a December 15 letter, again laying out the case that this lawsuit is a sham – and warning that a Rule 11 motion would follow. December 15, 2015 Broderick Letter, attached as Exhibit 8. Finally, after receipt of the Green Dot records were received on December 16, emails were exchanged, imploring counsel for Plaintiff to drop the case. Counsel has refused. December 16, 2015 Emails between Counsel, attached as Exhibit 9.

This motion follows.

## ARGUMENT

A.   **The Court Should Sanction Plaintiff Stephanie Martin For Filing This Lawsuit**

This Court has the tools to deal with frivolous pleadings, and Defendants respectfully ask that the Court use one of those tools and sanction Plaintiff for bringing this case. Federal Rule of Civi Procedure 11(b)(3) requires that "factual contentions have evidentiary support." Sanctions ensue where the offending party fails to withdraw the offending pleading – in this case, the complaint. "The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Barrios v. Regions Bank*, No. 13-cv-29, 2013 WL 5230653, at *4 (M.D. Fla. Sept. 16, 2013), quoting *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010). Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable . . . ." *Barrios*, 2013 WL 5230653, at *4.

This case is no longer tenable. Multiple pieces of independent evidence link Plaintiff Stephanie Martin to the eBay account. The eBay account was in her name, at her address, with more than one of her banking accounts listed. The PayPal records produced by Plaintiff herself

refer to eBay, yet all of the data is deleted. Nonparty FaxZero has sworn that no fax was sent on December 24, and Allied's records confirm this. Simply put, Plaintiff's case is a sham.

**B.     The Court Should Sanction Counsel For Plaintiff For Pursuing This Lawsuit**

Defendants informed – and warned – counsel for Plaintiff that their client's story had unraveled, yet counsel continued to pursue this case, and the Court therefore should hold counsel accountable. "In determining whether Rule 11 sanctions are warranted, the Court asks: '(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous.'" *Barrios*, 2013 WL 5230653, at *5, quoting *Coleman v. Circle K. Stores, Inc.*, No. 10-cv-1425, 2012 WL 533116, at *2 (M.D. Fla. Oct. 1, 2012). Here, while counsel likely believed his client when she insisted at the outset that she had no responsibility for the eBay account, recent developments have changed this. Continuing to prosecute the case and ignore the overwhelming evidence is unreasonable, however. Indeed, courts have sanctioned attorneys whose behavior is unreasonable. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282-83 (11th Cir. 2010) (affirming order of sanctions against attorneys where "like Ahab hunting the whale, the Amlongs relentlessly pursued the claims. All the while they blinded themselves to as much of the contradictory evidence as they could"). The situation here resembles that of *Peer v. Lewis*, No. 06-60146, 2013 WL 1345477, at *11 (S.D. Fla. Apr. 3, 2013), where the district court sanctioned an attorney explaining that:

> . . . Greenbaum's conduct throughout this case was sanctionable. Particularly relevant here, he knew, or should have known, this case was objectively frivolous, but he still proceeded with the discovery process and, while doing so, he took an obstructionist stance. When Lewis gave him the opportunity to rectify these filings and actions, he failed to take advantage of it . . . .

*Id.* Counsel for Stephanie Martin is in the same position. When undeniable proof exists that Plaintiff transacted business with eBay and it was clear that Plaintiff's deposition testimony was

false, counsel should cease to prosecute this action. Counsel has been given an opportunity to rectify this, and has not taken advantage of that opportunity. Accordingly, Defendants ask that counsel also be sanctioned for pursuing a frivolous case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the complaint be stricken, that Plaintiff and her counsel be sanctioned, and that Defendants be awarded attorney fees and costs for litigating this action.

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 3.01(g), undersigned certifies having made a good faith attempt to reach resolution of the issues raised in this motion without seeking court intervention, but that such effort was unsuccessful.

Dated:  December 17, 2015

Respectfully submitted,

/s/ *Patrick G. Broderick*
Patrick G. Broderick
FLORIDA BAR NO.: 88568
Email: broderickp@gtlaw.com
GREENBERG TRAURIG, LLP
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Phone: (561) 650-7915

-and-

John Wirthlin
FLORIDA BAR NO.: 0085587
Email: wirthlinj@gtlaw.com
GREENBERG TRAURIG, LLP
625 E. Twiggs Street, Suite 100
Tampa, FL  33602
Phone: (813) 318-5700

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2015, a true and correct copy of the foregoing was served via electronic mail to the following:

J. Frazier Carraway
E-mail: fcarraway@saxongilmore.com
Claire M. Brueck
E-mail: cbrueck@saxongilmore.com
SAXON GILMORE & CARRAWAY, P.A.
201 E. Kennedy Blvd., Suite 600
Tampa, Florida 33602

*Counsel for Plaintiff Stephanie Martin*

/s/ *Patrick G. Broderick*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 11, 2016, a true and correct copy of the foregoing was served via electronic mail ECF filing to the following:

J. Frazier Carraway
E-mail: fcarraway@saxongilmore.com
Claire M. Brueck
E-mail: cbrueck@saxongilmore.com
SAXON GILMORE & CARRAWAY, P.A.
201 E. Kennedy Blvd., Suite 600
Tampa, Florida 33602

*Counsel for Plaintiff Stephanie Martin*

                                          /s/ *Patrick G. Broderick*