IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STEPHANIE L. MARTIN,

    Plaintiff,                         Case No. 0:15-cv-61140-RNS

v.

ALLIED INTERSTATE, LLC,
a Minnesota limited liability company;
and IQOR HOLDINGS US, INC. a
Delaware corporation,

    Defendants.
_____/

## PLAINTIFF STEPHANIE L. MARTIN'S MOTION FOR RELIEF FOR DEFENDANTS ALLIED INTERSTATE LLC AND IQOR HOLDINGS US, INC.'S FAILURE TO COMPLY WITH COURT ORDERS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Stephanie L. Martin ("Plaintiff"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 37, hereby files *Plaintiff's Motion for Relief for Defendants Allied Interstate, LLC* ("Allied") *and iQor Holdings US, Inc.'s* ("iQor," collectively with Allied, "Defendants") *Failure to Comply with Court Orders,* and in support thereof states:

### BACKGROUND

1. This is an action for damages under the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA") and the Telephone Consumer Protection Act ("TCPA").

2. On October 22, 2015, Plaintiff served on Allied *Plaintiff's Supplemental Request for Production*, requesting the metadata of a letter dated December 13, 2014, that Allied allegedly sent to Plaintiff.

3. Upon Defendants' refusal to produce the metadata of a letter dated December 13, 2014, Plaintiff filed a *Motion to Compel Better Responses to Plaintiff's Supplemental Request for Production* (Doc. 41) ("Second Motion to Compel").

4. On December 28, 2015, a hearing was held on Plaintiff's Second Motion to Compel, after which an Order (Doc. 52) was entered stating that "Defendants shall determine whether the PDF of the letter dated December 13, 2014, that has been produced, was saved with metadata, and if so, shall **immediately** produce the version with metadata." (emphasis in original).

5. Upon Defendants' refusal to produce the metadata, Plaintiff moved, *inter alia*, to compel compliance with the Court's Order (Doc. 57)("Third Motion to Compel").

6. On January 25, 2016, a hearing was held on Plaintiff's Third Motion to Compel, after which an Order (Doc. 63) was entered stating that "Defendants shall produce, if it exists, metadata for the letter dated December 13, 2014, that is in the possession, custody, or control of its vendor" by February 1, 2016.

7. On February 1, 2016, Defendants produced an Affidavit of Paul Deakin, a true and correct copy of which is attached hereto as Exhibit "A." The Affidavit fails to explain or even mention the metadata of the December 13, 2014 letter.

8. As of the date of this Motion, Defendants have not produced the metadata of the December 13, 2014 letter.

## MEMORANDUM OF LAW

### LEGAL STANDARD

9. Rule 37(b)(2), *Federal Rules of Civil Procedure*, provides:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to

provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

10. The Rule goes on to that that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

11. "[T]he district court has "broad, although not unbridled, discretion in imposing sanctions" under Rule 37. *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1519 (11th Cir. 1986). "Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982)

12. "This Court has the inherent authority to enforce its own orders by the exercise of contempt powers." *TracFone Wireless, Inc. v. Holden Prop. Services, LLC*, 103 F. Supp. 3d 1357, 1360 (S.D. Fla. 2015)(citing *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir.1991)). "Where a party continuously violates, disobeys, or otherwise ignores a valid court order, that party may be subject to being held in contempt of court and have fines, fees, and costs assessed against them. *Id.*

3

13. Furthermore, "[c]ivil contempt is a remedial sanction designed and intended to obtain compliance with a court order or to compensate for damages sustained as a result of noncompliance." *Piambino v. Bestline Products, Inc.*, 645 F. Supp. 1210, 1212 (S.D. Fla. 1986)

## ARGUMENT

14. Defendants have failed to comply with the Court's December 28, 2015 Order (Doc. 52) and the Court's January 25, 2016 Order (Doc. 63) by failing to produce the metadata of the December 13, 2014 letter.

15. Defendants have not offered any reasonable justification for their noncompliance.

16. In light of the foregoing, Plaintiff respectfully submits that the Court impose appropriate sanctions in response to Defendants' refusal to comply with prior Court Orders, grant Plaintiff one or more of the items of relief listed in Fed. R. Civ. P. 37(b)(2), and find Defendants in contempt of court.

WHEREFORE, for the reasons stated, Plaintiff respectfully requests that the Court enter an Order granting Plaintiff one or more of the items of relief listed in Fed. R. Civ. P. 37(b)(2), and granting such other and further relief as the Court deems just and proper.

DATED this 3rd day of February, 2016.

         **SAXON GILMORE & CARRAWAY, P.A.**
         201 East Kennedy Boulevard, Suite 600
         Tampa, Florida 33602
         Phone: (813) 314-4500
         Fax: (813) 314-4555

By:   */s/ Claire M. Brueck, Esq.*
       CLAIRE M. BRUECK, ESQ.
       Florida Bar No.: 85754
       cbrueck@saxongilmore.com
       J. FRAZIER CARRAWAY, ESQ.
       Florida Bar No.: 764541
       fcarraway@saxongilmore.com
       Counsel for Plaintiff Stephanie L. Martin

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by Electronic Mail to Patrick G. Broderick, Esq., broderickp@gtlaw.com, devlind@gtlaw.com; John Wirthlin, Esq., withlinj@gtlaw.com; and Sean Patrick Cronin, Esq., scronin@sclawyergroup.com; this 3rd day of February, 2016.

/s/ Claire M. Brueck, Esq.
**ATTORNEY**